Slaugh 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON MOTION FOR REHEARING


 





NO. 3-91-059-CR





STEWART JOSEPH SLAUGHTER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 105,817, HONORABLE BOB JONES, JUDGE PRESIDING



 




 The prior opinion and judgment of this Court, handed down August 26, 1992, are
withdrawn and the following substituted.

 Appellant, Stewart Joseph Slaughter, pled guilty to burglary pursuant to a plea
bargain agreement. Appellant's attorney filed a motion for new trial based upon newly discovered
evidence, which the trial court denied. Appellant brings this appeal. 



BACKGROUND


 On December 3, 1990, appellant was convicted in a trial before the court of
burglary of a vehicle and sentenced. The sentence was enhanced to twelve years confinement in
the Texas Department of Criminal Justice, Institutional Division. Appellant had entered a guilty
plea and made a judicial confession pursuant to a plea bargain.

 Appellant filed a motion for new trial on January 3, 1991, based upon newly
discovered evidence. Appellant's attorney argued that appellant had pled guilty and accepted the
plea bargain based upon erroneous information in the police report. The police report stated that
Jeff Williams, a security guard at the Hyatt Regency Hotel, saw appellant and an unidentified
Hispanic male "breaking into a red four-door right in front of him." The police report also stated
that "Williams said the driver's door to the vehicle was open and Slaughter and the Hispanic male
slammed the door to the four-door and took off running . . . ."

 At the hearing on the motion for new trial, appellant's attorney called Williams,
the security guard quoted in the police report, who testified that the statements attributed to him
in the report were inaccurate. Williams testified at the hearing as follows:



[O]n the night of the incident in question, I walked out the back door--or the
employee entrance to the Hyatt Regency and saw two subjects standing between
some cars that were in the employee parking lot. One of the subjects was a
Hispanic male, and the other one was a white male. The white male had
something that appeared to be a slim jim or something of that--that type of device
on the side of the--leaning over with the device on the side of the--with the device
in the side of the door slid between the window and the door panel.



Williams further testified that he had not seen anyone inside the vehicle and that he had not heard
a door slam before appellant and the unidentified Hispanic male ran away. Neither side called
Williams to testify at appellant's trial.

 Appellant filed a motion for new trial based upon Williams's "newly discovered"
testimony. The significant difference between Williams's eyewitness testimony as described in
the police report and his testimony in open court was whether Williams observed appellant
actually breaking and entering the vehicle in question or whether Williams only saw appellant
attempting to open the vehicle. In the first instance appellant could be guilty of burglary of a
vehicle, a third degree felony, while under the second scenario he could be convicted only of
attempted burglary, a class A misdemeanor. Tex. Penal Code Ann. §§ 30.04, 15.01 (West 1974
& Supp. 1992).

 Appellant filed his motion for new trial on January 3, 1991, and it was denied on
January 22, 1991. Appellant gave notice of appeal on that same day. We will first address a
jurisdictional issue raised by the State in this case.



DISCUSSION


 The Texas Rules of Appellate Procedure set forth the requirements for perfecting
an appeal:



 Appeal is perfected when notice of appeal is filed within thirty days after the
day sentence is imposed or suspended in open court or the day an appealable order
is signed by the trial judge; except, if a motion for new trial is timely filed, notice
of appeal shall be filed within ninety days after the day sentence is imposed or
suspended in open court.



Tex. R. App. P. 41(b)(1). The Texas Rules of Appellate Procedure also establish deadlines for
the filing of a motion for new trial: "A motion for new trial if filed may be filed prior to, or shall
be filed within 30 days after, date sentence is imposed or suspended in open court." Tex. R. App.
P. 31(a)(1).

 Appellant entered a guilty plea and pled true to an enhancement paragraph on
December 3, 1990. On January 3, 1991, appellant's attorney filed a motion for new trial, which
was denied on January 22, 1991. Appellant gave notice of appeal on that same day, January 22,
1991. The State contends that appellant's motion for new trial is untimely because it was filed
on the thirty-first day, thus, one day late.

 We agree that appellant's motion for new trial was not timely filed. Rule 31(a)(1)
unambiguously requires that a motion for new trial be filed within thirty days after the day
"sentence is imposed or suspended in open court." Tex. R. App. P. 31(a)(1). Appellant argues
that this deadline was met because the trial court did not sign the judgment until December 6,
1990, even though appellant was sentenced in open court on December 3, 1990. Appellant
dismisses the phrase "in open court" in Rule 31(a)(1) as meaningless language inadvertently
retained from older statutes. We disagree.

 In this case, sentence was imposed in open court on December 3, 1990. Under
Rule 31(a)(1), the last day that appellant could have filed his motion for new trial was January 2,
1991. Appellant's motion was filed on January 3, 1991 and was therefore untimely. Because
appellant's motion for new trial was not timely, he was subject to the thirty-day deadline under
Rule 41(b) for giving notice of appeal, rather than the ninety-day deadline. Appellant's notice of
appeal, filed on January 22, 1991, was a full twenty days late. We therefore find that appellant
did not comply with the requirements for perfecting an appeal as set forth under the Texas Rules
of Appellate Procedure. Accordingly, we dismiss the appeal.



 

 Mack Kidd, Justice

[Before Justices Powers, Jones and Kidd]

Appeal Dismissed on Motion for Rehearing

Filed: October 28, 1992

[Do Not Publish]